*Ranney, J.
The third special plea of the defendants sets up a regular appropriation of the lands of the plaintiff for the track of their road, and a deposit of the sum awarded him, with the clerk of the court, for his use. To this he replied that the assessment was made without his consent and against his protest, and that he then refused, and still refuses, to receive the sum awarded in satis-' faction of the damages claimed in the declaration. The demurrer to this replication having been sustained, and judgment given for the defendant, his counsel now insists that the assessment provided by the statute for property taken for public uses, is cumulative merely to the common-law remedy by action, and unless acquiesced in by the owner, and the amount awarded received by him in satisfaction, is no bar to the common-law remedy, and, consequently, no bar to the present action.
We can not yield our assent to this position. Before a case for an election of remedies can arise, there must be a wrong requiring a remedy. A right of action must exist before the party can choose, as between two modes provided by law for obtaining satis *689 faction. In the case before us, as it is made to appear by the pleadings, no -wrongful act has been done; no trespass upon the plaintiff’s property lias been committed, and, consequently, no right of action over existed in his favor. The defendants have regularly appropriated his property to a public use, and before taking possession, or otherwise interfering with it, have paid him its full value in money, as provided by law. The public, as it lawfully might, has compelled him to submit to a forced sale of the property to be applied to a public use. But in all this, no legal wrong has been done; it was but the exercise of a lawful authority, and lawfully and regularly pursued. He has but submitted to one of the conditions upon which all property is holden — the sovereign right of the state to appropriate it to -public uses when necessary, upon making compensation. His right to compensation was perfect and absolute; but when these proceedings were had, under the former constitution of the state, *no court or jury was required to [689 fix the amount. Any fair mode of assesssment, provided by law, was sufficient. Willyard v. Hamilton, 7 Ohio, 115 (pt. 2); Work v. The State, 2 Ohio St. 307.
After the amount was regularly ascertained, and paid or deposited for the use of the owner, the title to the property, or such interest as was necessaiy for the use of the company, passed from him to the company, to be held in trust for the public, just as fully and effectually as though he had voluntarily conveyed by deed. In afterward entering upon it, they entered upon their own land, and not upon his; and used it as lawful proprietors, and not as trespassers.
If they had taken possession without making compensation, a very different question would be presented. Although that constitution did not provide that the compensation should be made before the property was taken, still it would seem to be doubtful whether the property could be appropriated until it was done, and whether the company might not bo treated as wrong-doers, and, as such, subjected to a common-law action, at the election of the owner, instead of a proceeding, on his part, under the statute. But even upon that state of facts, the case of Hickcox v. The City of Cleveland, 8 Ohio, 543, supported by numerous decisions in other states, would seem to confine the owner to the statutory mode of assessment. Upon that question, however, we express no opinion. All we decide is, that where the corporation itself insti *690 tutes the proper proceeding, and regularly appropriates the property by making compensation, no right of action arises against it$ and that such proceeding is equally effectual, whether the owner submits to it or not, or whether he takes or refuses the money deposited for his use.
The diversion of the water-course was a necessary consequence of making the embankment, and fell within the appropriation for which compensation was made, and seems to be fully justified by the plea.

Judgment affirmed,.